## John Hulla and E. Bloomer, Defendants in Error, v. Louis Kaplan, Plaintiff in Error.

### Gen. No. 19,785.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Motion filed in the Municipal Court by Louis Kaplan to vacate a judgment entered against him in favor of John Hulla and E. Bloomer on defendant's failure to appear when case was called for trial upon the regular call of the jury calendar. One motion was filed three days after the judgment was entered and was heard and denied and a second motion of the same character was filed five days thereafter which was also denied. Defendant prosecutes a writ of error.

EDWARD J. KELLEY and MEYER SHAPIRO, for plaintiff in error.

FRANCIS E. CROARKIN, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 132*—*discretion of court in ruling on motion to vacate.* Motions to vacate a judgment are addressed to the sound judicial discretion of the court, and unless there has been an abuse of such discretion the ruling of the trial court will not be disturbed.

2. JUDGMENT, § 146*—*when affidavit in support of motion to vacate insufficient to show diligence.* An affidavit by defendant's attorney filed in support of a motion to vacate a judgment, stating that the reason he was not in court at the time the case was called was that he had mislaid his calendar and was unable to procure

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

another, and that the case was called for trial on the first day after the summer vacation was ended, and that he was not in the city until the day before the trial, *held* not to constitute a showing of due diligence.

3. JUDGMENT, § 145*—*when affidavits insufficient to show defense on motion to vacate default.* On motion to vacate default judgment for work and materials furnished in constructing a building for defendant, affidavits setting up that plaintiffs failed to furnish defendant with "lien waivers," as required by the contract, *held* insufficient to show a defense, where one of the affidavits stated that it was understood at the time defendant made a certain payment that the waivers were to be delivered when the balance due was paid or signed notes for that amount were delivered, and it did not appear that defendant delivered or offered to deliver the signed notes, or ever paid or offered to pay the balance due.